| | |
|---|---|
| 1 | SPENCER KELLER, Arizona SBN 038491 |
| 2 | Email: spencer@legalforcelaw.com |
| 3 | RAJ V. ABHYANKER, California SBN 233,284 |
| 4 | Email: raj@legalforcelaw.com |
| 5 | |
| 6 | **LEGALFORCE RAPC WORLDWIDE, P.C.** |
| 7 | 1580 W. El Camino Real, Suite 10<br>Mountain View, CA 94040 |
| 8 | Telephone:  (650) 965-8731<br>Facsimile:   (650) 989-2131 |
| 9 | |
| 10 | Attorneys for Plaintiffs and the Proposed Class, |

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GovernmentGPT, Inc., Raj Abhyanker, Individually and on Behalf of All Other Taxpayers Similarly Situated; and, Municipality and Police Departments Does 1-500,<br><br>Plaintiffs,<br><br>v.<br><br>Axon Enterprise, Inc., formerly d/b/a Taser International, Inc., Microsoft Corporation, and Does 1-50,<br><br>Defendants. | Case No. CV-24-01869-PHX-SMB<br>Judge:  Hon. Judge Susan M Brnovich<br><br>**NOTICE OF CLARIFICATION WITH RESPECT TO PRO HAC VICE APPLICATION OF RAJ ABHYANKER** |

1. I, Raj Abhyanker, appearing pro hac vice, would like to clarify my "NO" response to the question "Are you currently the subject of a disciplinary investigation or proceeding by any Bar or Court?" on my pro hac vice application. To my knowledge, there are no disciplinary investigations or proceedings currently pending before any Bar or state or federal Court against me. However, there is an open administrative matter before the USPTO in my capacity as an owner of my law firm (D2020-02).

2. The matter has been pending for over 4 years, and no decision has been rendered since the final hearing in April 2023. This matter relates to the undisclosed conduct of a few associate attorneys during the years 2013-2015 and my responsibilities as an owner of the firm. The allegation is that these associates permitted their legal assistants to electronically sign their names on trademark applications after they personally advised clients, reviewed trademark applications, and approved them for filing. This does not comply with a ministerial rule of the USPTO that requires attorneys to personally e-sign their name, even though they have properly advised clients, reviewed trademarks, and approved them for filing. I was not aware of the conduct of these former associates until 2019, when I promptly notified the USPTO. Allegations with respect to my personal practice were dismissed on summary judgment, as this was never my practice. In addition, the former associates from this time period received no discipline.

3. To the best of my knowledge, no attorney has ever been disciplined for allegedly allowing assistants to sign their name after reviewing and approving trademark applications. I am aware of reprimands to attorneys who accepted stipulated settlements for permitting assistants to sign client names on USPTO documents after the client approved. However, that is not at issue in this open administrative matter. Additionally, I am not aware of any law firm owner being disciplined for the actions of associates who allowed legal assistants to e-sign their name on their behalf after attorney review, counseling clients, and approval of filings. However, in an abundance of caution, I

submit this voluntary clarification to ensure full transparency.

Respectfully submitted this Monday August 19, 2024.

LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj Abhyanker

Raj Abhyanker

Plaintiff, and Attorney for Plaintiff GovGPT and the Proposed Class (*pro hac vice*)
