IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GovernmentGPT Incorporated,<br><br>         Plaintiff,<br><br>v.<br><br>Axon Enterprise Incorporated, et al.,<br><br>         Defendants. | No. CV-24-01869-PHX-SMB<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion to Stay Proceedings Pending JPML Ruling on Transfer and Consolidation (Doc. 129) and Axon's Notice For Expedited Consideration (Doc. 127). Defendant Safariland has joined the request for expedited consideration (Doc. 131). Axon and Microsoft have filed oppositions to the Motion to Stay (Docs. 139 and 140). Plaintiff filed a Reply to the Motion to Stay (Doc. 143). After reviewing the briefing and relevant case law, the Court will deny Plaintiff's Motion to Stay (Doc. 129) and will expedite ruling on the pending Motions to Dismiss (Doc. 90; Doc. 106; Doc. 110).

      Plaintiff filed this antitrust case on July 29, 2024. An antitrust case Plaintiff now seeks to join through Multidistrict Litigation ("MDL") (Doc. 129) was filed in New Jersey in August 2023. For some reason, however, Plaintiff waited until December 24, 2024, after the Court denied its Motion for Preliminary Injunction, and after several Defendants filed and fully briefed the second round of Motions to Dismiss Plaintiff's Amended Complaint, to file GovGPT's Motion to Stay pending the decision of the Judicial Panel on MDL.

"The Panel's rules do not require that an action be stayed by a district court while a motion with the Panel for transfer is pending." *In re iPhone Application Litig.*, No. 10-CV-05878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011). "When considering whether to stay proceedings pending a motion before the Panel, factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.*

Here, Defendants claim that Plaintiff's allegations are insufficient, with some having fatal flaws that could not be cured by amendment. If that is true, then it is in everyone's best interest to resolve those issues before the case is severed and sent to MDL. Additionally, Microsoft is not a party in the New Jersey case, so it is imperative that Microsoft's motion be heard before they are potentially dragged into another district. The Court cannot perceive of any hardship to Plaintiff if the action is not stayed. Indeed, Plaintiff filed this action in Arizona knowing that the New Jersey case had already been filed. Defendants have argued that they would be prejudiced by spending resources defending against consolidation if the claims have no merit and the Court agrees.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Stay Proceedings Pending JPML Ruling on Transfer and Consolidation (Doc. 129). The Court will expedite ruling on the pending motions to dismiss.

Dated this 31st day of January, 2025.

Honorable Susan M. Brnovich
United States District Judge