UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AXON ENTERPRISE, INC., BODY-WORN CAMERA
AND DIGITAL EVIDENCE MANAGEMENT SYSTEMS
ANTITRUST LITIGATION

MDL No. 3145

ORDER DENYING TRANSFER

**Before the Panel:** Plaintiff GovernmentGPT Incorporated (GovGPT) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of New Jersey. The litigation consists of two actions pending in two districts as listed on Schedule A – one in the District of Arizona (*GovGPT*) and another in the District of New Jersey (*Township of Howell*). Plaintiffs in *Township of Howell* oppose centralization. Defendants Axon Enterprise, Inc., and Safariland LLC also oppose centralization and, alternatively, propose the District of New Jersey.[1]

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The actions unquestionably share common factual allegations concerning Axon's alleged monopolization of the market for body-worn camera (BWC) systems and digital evidence management systems. Where only a minimal number of actions are involved, like the two actions here, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiff has failed to meet that burden here.

There are only two actions in this litigation, and no potential tag-along actions have been filed since GovGPT sought centralization. Additionally, the actions present significant differences that likely will diminish the potential efficiencies from centralizing these two cases. For example, the *Township of Howell* action is a putative nationwide class action on behalf of purchasers of Axon BWC systems, which likely will involve class certification discovery and motions irrelevant to *GovGPT*, an individual competitor action. Further, *GovGPT* involves factual issues about alleged security risks posed by Axon's BWC systems that are not raised in *Township of Howell*. Moreover, the alleged security risks already have been the subject of significant proceedings in the District of Arizona.

---

[1] Microsoft Corporation, a former defendant in the District of Arizona *GovGPT* action, also filed a brief opposing centralization. After the Panel briefing closed, plaintiff filed an amended complaint in *GovGPT* removing the allegations and claims against Microsoft.

We have stated that "centralization under Section 1407 should be the last solution after considered review of all other options." *See In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. Our review of the record indicates that the parties have not yet seriously pursued informal coordination, which provides a practicable alternative to formal centralization under Section 1407. Common defendant Axon has the same counsel in both actions and supports informal coordination. Safariland – an alleged co-conspirator in both actions – also has the same counsel in both actions. Given the minimal number of involved counsel and actions, informal coordination of discovery and pretrial motions is practicable and preferable to centralization. *See, e.g., In re Credit Suisse VelocityShares Daily Inverse VIX Short Term Exchange Traded Notes Secs. Litig.*, 326 F. Supp. 3d 1379, 1380-81 (J.P.M.L. 2018).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton            Matthew F. Kennelly
David C. Norton                Roger T. Benitez
Dale A. Kimball                Madeline Cox Arleo

IN RE: AXON ENTERPRISE, INC., BODY-WORN CAMERA
AND DIGITAL EVIDENCE MANAGEMENT SYSTEMS
ANTITRUST LITIGATION                                          MDL No. 3145

## SCHEDULE A

<u>District of Arizona</u>

GOVERNMENTGPT INCORPORATED, ET AL. v. AXON ENTERPRISE INC., ET AL., C.A. No. 2:24−01869

<u>District of New Jersey</u>

TOWNSHIP OF HOWELL, MONMOUTH COUNTY, NEW JERSEY v. AXON ENTERPRISE, INC., ET AL., C.A. No. 3:23−07182