IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GovernmentGPT Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Axon Enterprise Incorporated,<br><br>　　　　　　Defendant. | No. CV-24-01869-PHX-SMB<br><br>**ORDER** |

　　　　Pending before the Court is Defendant Axon's Application for Attorneys' Fees and Related Non-taxable Expense (Doc. 109). This Motion was submitted pursuant to the Court's October 21, 2024 Order imposing sanctions against Plaintiffs' attorney, Raj Abhyanker. (Doc. 97; Doc. 105 at 31.) Mr. Abhyanker has filed an Opposition to Axon's Motion for Fees and a Request for Reconsideration of Sanctions (Doc. 115), and Axon filed a Reply (Doc. 118). After review of the pleadings and relevant case law, the Court will deny Plaintiff's request for reconsideration and grant Axon's request for fees.

**I.　　BACKGROUND**

　　　　Here, the Court will describe the events giving rise to its decision to sanction Mr. Abhyanker. On August 29, 2024, Mr. Abhyanker filed his Initial Complaint (Doc. 1) and an "Emergency Motion for Immediate Order to Prohibit use of Axon Body 4 Cameras at Political Events" (the "Preliminary Injunction") (Doc. 2). At that time, the lawsuit listed GovernmentGPT ("GovGPT"), Mr. Abhyanker, and "Municipality and Police Departments DOES 1-500" as Plaintiffs. (Doc. 1.) After the briefing on the Preliminary

Injunction was complete and the Court determined that no hearing was necessary, the Court issued an Order denying the Preliminary Injunction (Doc. 71). In that Order, the Court found that the Motion, the supporting memoranda, and the Complaint failed to support the requested injunction. (*See* Doc. 71.) The Court also scrutinized the allegations regarding the Quectel "chips," finding them unsubstantiated. (*See id.*) Additionally, the Court ordered GovGPT and Mr. Abhyanker (the "Plaintiffs") to appear for a show cause hearing for why Rule 11(c) sanctions should not be imposed against Plaintiffs. At that hearing, Plaintiffs also needed to (1) justify filing the Motion for Preliminary Injunction absent any actual testing of the AB4 and (2) to support the repeated allegations that a hackable Quectel "chip" is used in the AB4. (*Id.* at 11.)

At the hearing, the Court asked Mr. Abhyanker whether he had tested or specifically identified the presence of a Quectel "chip" in the AB4 that was susceptible to hacking by the Chinese Communist Party. (Doc. 105 at 25–26.) Mr. Abhyanker responded, stating:

> They are unidentified chips, not all of them are identified. Some of them are from Qualcomm, some are not identified, but there is an ESMT chip which has a label on that directly. If you look that up, directly up right now, it is a chip that's made in the People's Republic of China and Taiwan. And so it's not true to say they're all Quectel chips. There is a whole bunch of other smaller chips underneath there—
>
> . . . .
>
> Well, an integrated circuit board is what I called a chip, an integrated circuit board having chips thereon. I should have called it a module,
>
> . . . .
>
> Taiwan is the People's Republic of China, isn't it?

(*Id.* at 26, 30.) These statements, among several others, led the Court to find that the Quectel chip allegations and Emergency Motion were brought in bad faith. (*Id.* at 31–32.) Consequently, the Court sanctioned Mr. Abhyanker. (*Id.*)

Now, Axon has moved for its fees and related non-taxable costs related to its defense against Plaintiff's Motion for Preliminary Injunction (Doc. 109), and Mr. Abhyanker has asked the Court to reconsider sanctions (Doc. 115.)

///

///

## II. LEGAL STANDARDS

### A. Reconsideration

"Motions to reconsider are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). These circumstances include when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g)(1). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (cleaned up). Lastly, courts should deny motions for reconsideration if they only reiterate previous arguments. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995); *see also Ogden v. CDI Corp.*, No. CV 20-01490-PHX-CDB, 2021 WL 2634503, at *3 (D. Ariz. Jan. 6, 2021) (denying a motion for reconsideration when plaintiff did "nothing more than disagree with this Court as to the relevant law").

### B. Attorneys' Fees

A district court must calculate awards for attorneys' fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "[T]he lodestar figure is presumptively a reasonable fee award," *Ferland*, 244 F.3d at 1149 n.4, but "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

## III. DISCUSSION

### A. Motion for Reconsideration

Mr. Abhyanker asserts the basis for his Motion for Reconsideration is the Court's

error in not allowing testimony from Mr. Patrick Gibbons. (*See* Doc. 115.) Several issues confute Mr. Abhyanker's position. First, the Court asked the parties if either wanted an evidentiary hearing prior to the Court ruling on the Motion for Preliminary Injunction, and both parties agreed to submit the Motion on the pleadings. Second, by the time the Court conducted the show cause hearing, fact finding had been concluded, and thus the issues giving rise to sanctions would not be ameliorated by Mr. Gibbons testimony. To be sure, the basis for sanctions was Mr. Abhyanker's inundation of the docket with filings asserting incredible allegations without factual support. Even now as he moves for reconsideration, Mr. Abhyanker has not included a written, signed, or sworn declaration from Mr. Gibbons attesting to the legitimate basis for the claims asserted against Axon. Therefore, the Court has not the slightest idea the content of Mr. Gibbon's testimony nor how it would impact the Court's decision.

Mr. Abhyanker also asserts that the exclusion of Mr. Gibbon's testimony prejudiced Plaintiffs, and thus awarding fees without hearing his testimony is unjust and improper. (Doc. 115 at 12.) This argument paints Mr. Gibbon's opinions as a form of newly discovered evidence, only available to Plaintiffs at the show cause hearing. Not so. Plaintiffs could have included Mr. Gibbons' sworn testimony in the Motion for Preliminary Injunction, or perhaps in one of the dozens of additional filings Mr. Abhyanker has put on this docket. Or, as noted, Mr. Abhyanker could have included Mr. Gibbon's affidavit in the instant Motion for Reconsideration. Alas, the Court is presented with nothing aside from mere suggestions that Mr. Gibbons' testimony would somehow show that Mr. Abhyanker's myriad filings possessed sufficient factual support. Put simply, Mr. Abhyanker has failed to show that Mr. Gibbons' testimony would be "newly discovered evidence" for reconsideration purposes. *See ACandS, Inc.*, 5 F.3d 1263. As a final note on this point, Mr. Abhyanker's admission at the show cause hearing that neither he nor his team tested the vulnerabilities of the Quectel module precludes a finding of clear error or manifest injustice. *See id.*

Mr. Abhyanker next argues that reconsideration should be granted because the

1 Court improperly considered declarations Axon submitted in its opposition to the
2 Preliminary Injunction. This argument lacks merit, as Mr. Abhyanker agreed to have the
3 Court decide the Motion based on the pleadings, which included the declaration. Though
4 Mr. Abhyanker previously opposed the Court's use of the declarations, (*see, e.g.*, Doc. 25
5 at 2), reiterating such an argument in a motion for reconsideration is not proper, *see*
6 *Rezzonico*, 32 F. Supp. 2d 1112, 1116. Therefore, Mr. Abhyanker's Motion for
7 Reconsideration (Doc. 115) is denied.

### B. Motion for Attorneys' Fees

"Under its inherent powers, a district court may . . . award sanctions in the form of attorneys' fees against a party who acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon v. IDX Sys. Corp*, 464 F.3d 951, 961 (9th Cir. 2006). "Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith." *Id.* "A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* Here, the Court found, on the record, that Mr. Abhyanker acted in bad faith by bringing the Motion for Preliminary Injunction and claiming the unsupported nature of his myriad filings were the result of "inartful writing." (Doc. 105 at 27, 31.)

Regarding Axon's fee request, Mr. Abhyanker does not challenge the hourly rates nor the time spent on the listed tasks by Axon's inside- or outside-counsel. (Doc. 115 at 1–6.) Instead, he contends that Ms. Peterson and Ms. Shanmuganatha, as in-house counsel for Axon, should be awarded nothing because defending Axon is within the ordinary course of their job responsibilities. (*Id.* at 5.) In its Reply, Axon contends that Arizona law allows in-house counsel to recover costs, and that the nature of the sanction otherwise allows Axon to recover such costs and fees. (Doc. 118 at 2–4.)

The Court finds that in-house counsel fees are both recoverable and appropriate to award as a sanction in this case. *See HSBC Bank USA, N.A. v. Cluff*, No. 1 CA-CV 17-0627, 2018 WL 5117167, at *8 (Ariz. Ct. App. Oct. 18, 2018) (holding that, under Arizona Revised Statute § 33-420(A), fee award to in-house attorneys working for private

- 5 -

organizations is supported by Arizona law); *see also Blum v. Stenson*, 465 U.S. 886, 892-896 (1984) (permitting a party represented by a nonprofit legal organization to recover fees using the prevailing market rate, even if that rate exceeded the salaries and expenses of the organization's attorneys). Awarding in-house counsel that participates in the case reasonable fees is a trend long recognized in this Circuit. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 761 F.2d 553, 558 (9th Cir. 1985) (citing cases) ("Of course, if in-house counsel are not actively participating (e.g., acting only as liaison), fees should not be awarded."). Here, both Ms. Peterson and Ms. Shanmuganatha's timesheets show that they directly participated in defending Axon against Plaintiffs' claims. (*See* Doc. 109-1 at 13–20.) Additionally, the Court observed Ms. Shanmuganatha's participation at the show cause hearing, where she argued on behalf of Axon. Now, the Court must determine what amount Axon's provided materials support awarding.

The Court first notes that Axon agrees to (1) withdraw its July 30, 2024 entry for $97.50 "evaluating whether any of the information in Plaintiffs' opening filings should be sealed" and (2) reduce two August 2, 2024 entries by thirty (30) percent accounting for time spent discussing Axon's proposed Motion to Dismiss. (Doc. 118 at 6.) These reductions account for $428.70. Now, having reviewed the appended spreadsheets and the relevant time entries, the Court will overrule the Mr. Abhyanker's outstanding objections and find that Axon is entitled to attorneys' fees totaling $78,677.00 and reasonable costs totaling $74.95.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Axon's Application for Attorneys' Fees and Related Non-taxable Expenses (Doc. 109) and awarding attorneys' fees totaling $78,677.00 and costs totaling $74.95 against Raj Abhyanker.

…

…

…

- 6 -

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Reconsideration of Sanctions (Doc. 115).

Dated this 3rd day of April, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge

- 7 -